1 | COOLEY LLP
PATRICK P. GUNN (172258)
2 | pgunn@cooley.com
CHANTAL Z. HWANG (275236)
3 | chwang@cooley.com
101 California Street, 5th Floor
4 | San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
5 | Facsimile:     (415) 693-2222

6 | Attorneys for Plaintiff Alexandria Real Estate
Equities, Inc., a Maryland corporation

7

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12

13 | **ALEXANDRIA REAL ESTATE EQUITIES, INC.**, a Maryland corporation,

14 | | **CASE NO.**

Plaintiff,

15 | | **COMPLAINT FOR:**

16 | v. | **(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**

17 | | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a);**

18 | **RUNLABS (UK) LIMITED,** a United Kingdom private limited company, **RUNLABS (IRELAND) LIMITED** an Ireland private limited company, and **STEVEN MARCUS**, an individual,

19 | | **(3) FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a);**

20 | | **(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*; and**

21 | Defendants.

22 | | **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

Alexandria Real Estate Equities, Inc. ("Alexandria") ("Plaintiff"), complains and alleges against Defendants RUNLABS (UK) Limited, RUNLABS (Ireland) Limited (collectively "RUNLABS") and Steven Marcus (collectively "Defendants") as follows:

## INTRODUCTION

1.  Alexandria brings this lawsuit under the Lanham Act (15 U.S.C. § 1051, *et seq.*), and California Business and Professions Code § 17200, *et seq.*, against Defendants for their unauthorized use of Alexandria's trademarks, and false and misleading representations about Defendants' business and their purported affiliation with Alexandria and Alexandria's Chairman and Founder Joel Marcus.

2.  Alexandria is a publicly traded real estate investment trust and prominent developer and operator of commercial real estate properties to companies in the academic, scientific, medical, research/development, and technology fields.  Alexandria uses its distinctive and well-known trademarks, including the ALEXANDRIA house mark, in connection with its expansive portfolio of services which include, but are not limited to, its (i) leading real estate development, brokerage and management services, (ii) sponsorship of incubators and related proprietary start-up services, (iii) delivery of mission-critical infrastructure for the broad and diverse life science and biotechnology industries, (iv) thought leadership programming and networking engagements for its client-tenants and industry leaders, and (v) venture capital and other investment services primarily focused on emerging and entrepreneurial life science and technology entities.

3.  Defendants, on the other hand, are operating a business that purportedly offers directly competing services in Alexandria's market.  Defendants advertise collaborative life science and technology campuses incorporating turnkey laboratory and office facilities specifically geared for early stage life science and biotech companies and entrepreneurs --- in other words, services identical to those Alexandria has marketed and provided to its client tenants for decades. Defendants' wrongful conduct encourages prospective investors, customers, and the relevant market to make unfair comparisons between Defendants and Alexandria, unwise investments based on Defendants' misuse of Alexandria's name and trademarks suggesting an affiliation with, or

1  sponsorship or endorsement by, Alexandria, and, on information and belief, purchasing decisions

2  based on patently false statements to Alexandria's detriment.  Alexandria brings this action to put

3  an end to Defendants' infringing and misleading conduct and the ongoing harm Defendants are

4  causing to Alexandria, prospective investors, customers, the general consuming public, and the

5  relevant marketplace.

6  **THE PARTIES**

7      4.      Plaintiff Alexandria Real Estate Equities, Inc. is a corporation organized under the

8  laws of the State of Maryland, with its principal place of business at 385 East Colorado Blvd., Suite

9  299, Pasadena, California 91101.

10      5.      On information and belief, Defendant RUNLABS (UK) Limited, formerly known

11  as RUNLABS Limited, is a private limited company established under the laws of the United

12  Kingdom, with its principal place of business at 31 Hill Street, W1J5LS, London, United Kingdom.

13      6.      On information and belief, Defendant RUNLABS (Ireland) Limited is a private

14  limited company established under the laws of Ireland, with its principal place of business at 10

15  Earlsfort Terrace, 2 D02 T380, Dublin, Ireland.

16      7.      Defendant Steven Marcus is a United States citizen currently residing in London,

17  United Kingdom.  On information and belief, Steven Marcus is the Founder and CEO of

18  RUNLABS, and has personally directed and participated in the wrongful conduct described herein.

19  **JURISDICTION AND VENUE**

20      8.      This action arises under the federal trademark statute (the "Lanham Act"), 15

21  U.S.C. §1051, *et seq.* and California Business and Professions Code § 17200, *et seq.*

22      9.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C.

23  § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

24      10.     This Court has personal jurisdiction over Defendants because (i) Defendants'

25  wrongful conduct has been directed to persons within the State of California and this judicial

26  district; (ii) Defendants have used Plaintiff's name and trademarks to advertise, promote, and offer

27  their services in the State of California and this judicial district; (iii) the causes of action asserted

28  in this Complaint arise out of Defendants' contacts with the State of California and this judicial

district; and (iv) Defendants have caused tortious injury to Plaintiff in the State of California and this judicial district.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to claims in this Complaint occurred in this judicial district.

12.     This Court may exercise supplemental jurisdiction over the claims arising under the laws of the State of California because they are so related to the claims in the action arising under the Lanham Act that they form part of the same case or controversy.

## FACTUAL BACKGROUND

### PLAINTIFF'S BUSINESS AND THE ALEXANDRIA TRADEMARKS

13.     Alexandria is a publicly traded real estate investment trust listed on the New York Stock Exchange under the ticker symbol ARE.  Joel Marcus founded Alexandria in 1994 with a unique vision to create a new kind of real estate company that could address the anticipated needs of life sciences and technology companies for real property space suited to scientific and technological endeavors.  Over the ensuing two and a half decades, and combining what Joel Marcus later coined as the four pillars of success: location, innovation, talent, and capital, Alexandria has grown to become an S&P 500 company with an approximately $19 billion total market capitalization, an asset base in North America of 32.2 million square feet as of September 30, 2018, and a total shareholder return of more than 1,300% since the company's initial public offering in 1997.

14.     Alexandria pioneered the market for properties dedicated to scientific and technology enterprises as well as the concept of collaborative business and scientific research campuses.  As part of its focus on developing the highest quality real estate offerings, Alexandria has as its mission nurturing and facilitating innovation.  Alexandria is particularly well-known for its properties that are designed to foster collaboration and communication among its tenants. Among Alexandria's various properties are many urban cluster campuses established in key centers around the country where research facilities, educational institutions, and similar innovative scientific businesses co-locate and are able to communicate and collaborate.  Alexandria is today

the predominant developer, landlord and manager of properties for the life science and technology industries with an unprecedented amount of property under development and management. Alexandria's properties are located in the country's premiere life sciences and technology communities, including among others, Boston, New York, the Research Triangle (North Carolina), San Diego, San Francisco and Seattle.  Alexandria's properties house many of the country's most well-known life sciences companies as well as many promising emerging companies in the life science and technology fields.

15.     In addition to developing and managing properties for life science and technology companies, Alexandria independently encourages and facilitates gatherings of leaders in the global scientific and technology community for discussion and debate.  Through its recurring ALEXANDRIA SUMMIT conference, for example, Alexandria provides prominent thought leaders with an opportunity to engage and discuss matters related to, among others, the medical, technology, life sciences, pharmaceutical, academic, financial, philanthropic and government sectors.  Recent conferences have focused on current, cutting-edge issues concerning oncology, infectious diseases, and healthcare economics.

16.     Alexandria's high profile in the real estate and scientific communities is furthered by the role that its Founder and Chairman, Joel Marcus, takes as an advisor and/or board member to many of the country's leading research institutions, foundations, and companies.

17.     In recognition of the company's significant achievements, Alexandria has received many awards and accolades for its business accomplishments, as well as its philanthropic activities.  Alexandria and its executive team, particularly Joel Marcus, have been featured on televised programs and in prominent news and scientific publications, including *Bloomberg*, *Chemical & Engineering News*, *Forbes*, *GeekWire*, *The New York Times*, *Nature*, and *The Wall Street Journal*.

18.     As a result of the foregoing activities, Alexandria is well known and highly regarded throughout the scientific and technology communities as a leading provider of high quality, innovative properties and related services, and as a visionary in fostering communication, collaboration and networking in the relevant fields of business.  Further, because of its successful

business enterprises, Alexandria is similarly well-known among venture capital, investment firms and the broader financial community. Many of these firms invest in Alexandria and/or are investing alongside Alexandria in the most promising life science and technology enterprises in the country and, in some cases, the principals at these firms serve as board members of prominent companies that are current or prospective clients of Alexandria.

19. Alexandria also develops, manages and invests in incubators and similar entities for the creation, fostering and development of companies offering leading edge technologies. Alexandria advertises and offers for example ALEXANDRIA LAUNCHLABS, ALEXANDRIA SCIENCE HOTEL, and ALEXANDRIA INNOVATION CENTER facilities. In fact, ALEXANDRIA LAUNCHLABS is the premier startup platform delivering full-service, turnkey space, and strategic programming for seed- and early-stage life science companies. It provides move-in-ready office/laboratory space, first-class support resources, shared equipment and services, creative amenities, access to startup capital through the Alexandria Seed Capital Platform, and engagement with Alexandria's world-class network.

20. Alexandria is also an investor in Accelerator Life Science Partners, a Seattle-based venture capital firm specializing in incubation and development of companies in the science and technology sectors. Since at least as early as 1997, Alexandria has devoted substantial time, effort, and resources to the development and management of its real property offerings and its related amenities, financing, business networking, and conference offerings. Consequently, Alexandria has developed substantial goodwill in the marketplace, which is embodied in its trademarks, including but not limited to the ALEXANDRIA mark, Alexandria Lighthouse Logo, ALEXANDRIA & Design combination mark, ARE mark, and LANDLORD OF CHOICE mark (collectively the "Alexandria Trademarks"). Consequently, members of the public, including life sciences and technology companies, research institutions, educational institutions, investment banks, venture capital firms, and investors have come to recognize the Alexandria Trademarks as an indicator of quality products and services emanating from Alexandria. The Alexandria Trademarks are protected by federal registration and are valuable assets of Alexandria.

///

21. Specifically, Alexandria owns numerous trademark registrations in the United States for the Alexandria Trademarks, among others, in connection with its products and services including but not limited to the following registrations at the United States Patent & Trademark Office ("PTO") (collectively, the "Alexandria Registrations"):

| Trademark and U.S. Reg. No. | Identification of Goods/Services |
|---|---|
| ALEXANDRIA word mark, U.S. Reg. No. 2,300,323 | Class 36: Real estate brokerage services for office and laboratory properties; real estate management of office and laboratory properties<br><br>Class 37: Real estate development, namely, development of office and laboratory properties |
| ALEXANDRIA word mark, U.S. Reg. No. 2,817,752 | Class 35: Business management services, namely business incubator services; rental and leasing of office equipment<br><br>Class 36: Real estate brokerage; incubator financing services; land acquisition, namely, real estate brokerage services; real estate property/asset management; real estate management in the fields of laboratories, office space, high technology felicities, research and development facilities, and manufacturing facilities; real estate leasing in the fields of laboratories, office facilities, high technology facilities, research and development facilities, and manufacturing facilities<br><br>Class 37: Real estate development, namely, development and redevelopment of office, commercial laboratory and manufacturing facilities including retrofit and conversion of office and business properties and laboratories; maintenance and/or repair of buildings, electrical systems, heating and air conditioning systems, and plumbing systems; construction planning, namely developing laboratories<br><br>Class 42: Architectural and architectural design services; engineering; rental and leasing of laboratory equipment and computers |
| ALEXANDRIA word mark, U.S. Reg. No. 2,865,403 | Class 35: Business development services, namely providing start-up support for businesses of others; business management; business consulting services<br><br>Class 39: Rental of warehouse space<br><br>Class 42: Architectural design services |
| ALEXANDRIA word mark, U.S. Reg. No. 2,798,395 | Class 36: Financing services; Financing services, namely, providing financing services and working capital; debt and equity financing services and capital; loan and credit financing services; financing services and providing working capital for the design, improvement, development, redevelopment, conversion, retrofit, construction and expansion of facilities; financing services for the purchase, lease, rental or maintenance of scientific equipment, instrumentation and accessories, medical equipment, instrumentation and accessories, clinical equipment and accessories, industrial equipment and accessories, electronic equipment and accessories, computer hardware, software and accessories, office automation equipment and accessories, and office furniture; providing financing services and working capital |

| Trademark and U.S. Reg. No. | Identification of Goods/Services |
|---|---|
| | in the field of facilities management; providing financing services via communications networks |
| ALEXANDRIA word mark, U.S. Reg. No. 5,241,697 | Class 41: Educational services, namely, organizing and conducting classes, seminars, lectures, conferences, symposia and workshops in the fields of technology, science, medicine, genetics, health and healthcare and distribution of course materials in connection therewith; providing educational services, namely, classes, seminars, lectures, conferences, symposia and workshops in the field of management of life science and biotechnology research and development initiatives; providing on-line publications in the nature of non-downloadable electronic books, brochures, magazines, journals, booklets, pamphlets, and manuals in the fields of technology, science, medicine, genetics, health and healthcare

Class 43: Hosting services in the nature of providing facilities for classes, seminars, lectures, conferences, symposia and workshops in the fields of technology, science, medicine, genetics, health, and healthcare |
| ARE word mark, U.S. Reg. No. 2,896,819 | Class 35: Business administration services, namely, business management; business management and consulting services; rental and leasing of office machinery.

Class 36: Financial services, namely, financial consultation, financial analysis, financial planning, financial management, venture capital services, namely, providing debt and equity capital, and tangible and intangible asset financing; business incubator services, namely, providing equity and debt financing to emerging and start-up companies; real estate services, namely real estate brokerage, acquisition, maintenance, rental, leasing, and management services; investment management services; property management services, namely, real estate management.

Class 37: Real estate development services; building construction, maintenance and repair services.

Class 39: Rental of warehouse space.

Class 42: Architectural and architectural design services; engineering services; rental and leasing of computers. |
| Alexandria Logo, U.S. Reg. No. 2,795,359

 | Class 35: Business administration services; business consulting services; business incubator services, namely business marketing, business management, and business development services in the form of start-up support for businesses of others; property management, namely rental and leasing of office machinery and equipment

Class 36: Real estate services, namely real estate brokerage, acquisition, maintenance, rental, leasing, and management services; asset management services; financial services, namely financial consultation, financial analysis, financial planning, financial management, financing services, providing debt and equity capital, tangible and intangible asset financing, and financial portfolio management; business incubator services, namely providing debt and |

Cooley LLP
Attorneys At Law
San Francisco

COMPLAINT

| Trademark and U.S. Reg. No. | Identification of Goods/Services |
|---|---|
| | equity financing to emerging and start-up companies <br><br> Class 37: Real estate development services; building construction and repair services <br><br> Class 42: Architectural and architectural design services; engineering services |
| ALEXANDRIA and Design, U.S. Reg. <br><br> ALEXANDRIA | Class 36: Land acquisition, namely, real estate brokerages services for office and laboratory properties; real estate management of office and laboratory properties <br><br> Class 37: Real estate development, namely, development of office and laboratory properties |
| LANDLORD OF CHOICE, U.S. Reg. No. 3,442,222 | Class 35: Business management; business consulting services; business incubator services, namely, business management and business development services in the form of start-up support for businesses of others; rental and leasing of office machinery and equipment. <br><br> Class 36: Real estate services, namely, real estate brokerage, leasing and management services; land acquisition, namely, real estate brokerage services; rental of real estate, namely, rental of commercial, manufacturing, and research and development space; investment brokerage, consultation, and management; financial service, namely, financial consultation, financial analysis, financial planning, financial management, financial portfolio management and financing services; business incubator services, namely, providing equity and debt financing to emerging and start-up companies <br><br> Class 37: Real estate development services; building construction and repair services; maintenance and repair of buildings, electrical systems, heating and air conditioning systems, and plumbing systems <br><br> Class 39: Rental of warehouse space <br><br> Class 42: Architectural design services; engineering services; rental and leasing of computer |

True and correct copies of the registration certificates for the Alexandria Registrations, are attached hereto as Exhibit A, and incorporated by reference as though fully set forth herein.

22.     The Alexandria Registrations are in full force and effect on the PTO's Principal Register.  The Alexandria Registrations are valid and enforceable and the registrations evidence Alexandria's ownership of the registered marks and its exclusive right to use the registered marks in commerce on or in connection with the goods and services specified in the registrations.

//

**DEFENDANTS' INFRINGING ACTIVITIES**

23.     On information and belief, RUNLABS (UK) Limited and RUNLABS (Ireland) Limited are newly formed entities which have not, to date, operated any laboratory facility or conducted any business beyond efforts to promote Defendants' intended services and raise funds. The sole principal, Defendant Steven Marcus, does not have any relevant background or experience in the business of operating laboratory facilities.  Steven Marcus has never been an employee or had any formal business relationship with Alexandria, nor has he had any other interest in Alexandria aside from his familial relationship with Joel Marcus.

24.     On or about November 27, 2018, Plaintiff became aware that Defendants used Alexandria's name and trademarks in interstate commerce in connection with the promotion of Defendants' services to prominent venture capital investors many of whom have business connections to Alexandria and are active in companies in Alexandria's target market, including companies in the life sciences and technology fields who are tenants or potential tenants in Alexandria developments or otherwise potential consumers of Alexandria's services.  This activity on the part of Defendants included sending an email communication with an accompanying presentation touting Defendants' "turnkey" laboratory and office facilities to three principals based in the Palo Alto and New York offices of a prominent venture capital fund and investor in Alexandria.  In addition to being venture capitalists focusing on the life sciences and technology sectors, some of these principals serve as directors of life sciences and technology companies that represent Alexandria's core customer base and franchise.

25.     Through false and misleading statements in that email communication and accompanying presentation, Defendants expressly state and imply that Defendants and their services are affiliated with Alexandria and/or otherwise authorized or endorsed by Alexandria.  As further detailed below, in that communication, Defendants make unauthorized and misleading use of the Alexandria Trademarks giving rise to likely confusion in the marketplace regarding Defendants' relationship with Plaintiff and Plaintiff's endorsement, support, and involvement with Defendants.  The nature of the email and presentation suggest that it has been sent, or Defendants intend to send it, broadly among the investment and financial community and the relevant market.

26.     More specifically, Defendants' e-mail communication dated November 27, 2018 made the following false and/or misleading statements:

- "RUNLABS is creating the world's first and only flexible urban lab platform – providing critical infrastructure and community to life sciences companies…";

- "*We* are currently raising EUR 50 million growth round for groundbreaking life science projects in major gateway cities -- Paris and London -- with a clear plan to go global, including the US" (emphasis added);

- "RUNLABS is a revolution in life science, sprung from Alexandria (www.are.com - NYSE: ARE), growing the world's first and only network of flexible labs enabling life science breakthroughs [*sic*]" and

- "Alexandria [*is*] on CNBC https://vimeo.com/260214066/fef0fc4c16 (short 2 mins video); on Bloomberg https://www.bloomberg.com/news/features/2018-10-05/how-a-rundown-square-near-boston-birthed-a-biotech-boom-and-real-estate-empire [*sic*]"

A true and correct copy of the email communication is attached as Exhibit B and incorporated by reference as though fully set forth herein.

27.     These statements are false and misleading in that RUNLABS was not "sprung from Alexandria."  The misleading nature of the communication is further heightened by use of "we" in juxtaposition to references to Alexandria thereby suggesting that Alexandria is participating with RUNLABS in its fundraising effort.  Defendants are, in fact, not affiliated or associated with Alexandria, or endorsed or sponsored by Alexandria, nor is Alexandria participating with RUNLABS in its fundraising efforts.  Indeed, Alexandria was entirely unaware of these solicitations until brought to its attention by a recipient.  Defendants are not authorized to use the Alexandria Trademarks, and were expressly advised that they had no authority to use or otherwise display the Alexandria Trademarks.

28.     Moreover, RUNLABS is not the "first and only flexible urban lab platform."  This is a patently false statement.  In fact, Alexandria is the first and only premier startup platform for early-stage life science companies.  Alexandria specifically markets to early stage life science and technology companies and entrepreneurs.  Defendants have, in essence, rebranded Alexandria's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

proprietary ALEXANDRIA LAUNCHLABS business model under their RUNLABS brand to falsely and mislead prospective investors, customers, the public, and/or the relevant market in an effort to damage Plaintiff's business and damage the goodwill and reputation Plaintiff has built in its business and the Alexandria Trademarks over the last several decades.

29. On information and belief, Steven Marcus formed RUNLABS in in an effort to target Alexandria's investors, customers, and target market under the false pretense that RUNLABS originates from, is affiliated with, sponsored or endorsed by and/or is an extension of, Alexandria, when it is not.

30. The presentation attached to Defendants' email communication is also replete with unauthorized uses of the Alexandria Trademarks, false statements regarding RUNLABS' formation, offering and relationship with Alexandria, and statements misleadingly suggesting an affiliation, sponsorship, or endorsement of RUNLABS by Alexandria. The mission statement page reads:

> "RUNLABS is creating a network of flexible lab and office facilities for life science in key city centers –Labs 4.0. Providing a turnkey, full-stack, trusted platform for R&D to scale and unleash innovation [*sic*]
>
> Connecting our community, bringing network effects —evolving our experience from Alexandria (NYSE: ARE) [*sic*]"

A true and correct copy of the presentation is attached as Exhibit C and incorporated by reference as though fully set forth herein.

31. The presentation includes the following slide (hereinafter referred to as "Slide 1") that purportedly outlines Alexandria's role and dominance in the relevant field over the last 25 years, featuring photographs of Alexandria properties and unauthorized references to Alexandria and its registered LANDLORD OF CHOICE trademark, all of which further falsely and misleadingly suggest that RUNLABS is somehow affiliated with, sponsored or endorsed by Alexandria, which it is not.

//

//

//

**RUNLABS** *Mission – 25 years + Evolution*

*Labs 1.0 –* self-owned and operated, out of town, 'walled garden'

- Capital inefficient
- Disconnected
- Pre-Alexandria



*Labs 2.0 –* suburban clusters, Alexandria as 'landlord of choice'

- Improved efficiency
- Clusters forming
- Alexandria's early evolution



*Labs 3.0 –* urban innovation clusters, concentration = collaboration

- Present day Alexandria RE
- Dominant market leader, core urban cluster markets (US)



32.     The presentation also includes the following misleading diagram that falsely suggests RUNLABS encompasses Alexandria's expertise and market leadership (hereinafter referred to as "Slide 2") to, without Plaintiff's consent, pass off its services as equivalent to or encompassing those marketed by Plaintiff.  Defendants use the Alexandria Trademarks in an attempt to falsely associate Defendants and Defendants' services with Plaintiff in order to trade on the substantial and valuable goodwill that Plaintiff has developed in the marketplace under the Alexandria Trademarks.



33.     Among the presentation's other materially false claims is the following patently false statement: "Our pedigree from Alexandria, pioneer and global leader in life science real estate –first-hand market perspective, 25 years in ecosystem [*sic*]."

34.     Such claims, in addition to Defendants' repeated and unauthorized references to Alexandria and the Alexandria Trademarks in Slides 1 and 2, along with statements referring to RUNLABS as "Labs 4.0," mislead viewers into believing that RUNLABS not only encompasses all of Alexandria's pedigree and decades' long expertise in the field – which it does not – but that it is the new and improved, "evolved" version of Alexandria.  This is literally false.  Defendants have no relevant background or experience in the business of operating laboratory facilities – nor did Defendants ever have any formal business relationship with Alexandria.

35.     Defendants' communications and promotional materials are likely to deceive the public, the relevant market, prospective customers and investors into incorrectly believing that Defendants are either affiliated with, endorsed or sponsored by Plaintiff, that Defendants have its origins in and/or is an extension of Plaintiff, and/or that Defendants offer superior laboratory and office facilities for early stage life science and biotech companies and entrepreneurs – all of which are literally false claims that are likely to influence purchasing and/or investing decisions and divert sales, investment, and customer interest away from Plaintiff.

36.     Upon learning of Defendants' unauthorized use of the Alexandria Trademarks, and false and misleading claims of Defendants' relationship with Plaintiff, Plaintiff promptly contacted Defendants, demanding Defendants immediately cease-and-desist any and all use of the Alexandria Trademarks and Joel Marcus' name in any manner for any commercial purpose, including but not limited to promoting their business and soliciting investments.  A true and correct copy of Plaintiff's demand letter is attached as Exhibit D and incorporated by reference as though fully set forth herein.  Defendants did not respond.  Instead, on November 30, 2018, Plaintiff received notice that Defendants had retained legal counsel.

37.     Defendants are not affiliated with Plaintiff.  Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of Plaintiff's name or the Alexandria Trademarks in connection with the offering, provision, marketing, or sale of any services.

RUNLABS was not "sprung" from Plaintiff, was never a part of Plaintiff, nor did RUNLABS ever have any formal association with Plaintiff.

38.     Through their unauthorized use of the Alexandria Trademarks as described herein, Defendants are working in concert to create the false suggestion of an affiliation or connection between Defendants and Plaintiff.  Defendants' communications, statements, and promotional materials disseminated in interstate commerce attempt to induce life sciences and/or technology companies to engage with Defendants under the misimpression that Defendants are endorsed by, sponsored by, or otherwise affiliated with Plaintiff, when in fact they are not.  Such false and misleading statements are highly likely to, and actually do deceive, investors, customers, the public, and/or the relevant market, and damage Plaintiff's business, reputation, and the goodwill embodied in the Alexandria Trademarks.

39.     Defendants' communications, statements, and promotional materials disseminated in interstate commerce reflect a blatant attempt to trade on Plaintiff's reputation and the goodwill embodied in the Alexandria Trademarks in order to usurp for their own commercial gain the valuable goodwill embodied in Plaintiff's trademarks and earned by Plaintiff over decades.

40.     On information and belief, Defendants offer and/or will offer their services through the same marketing and trade channels and target the same investors, customers, and relevant market as Plaintiff.

41.     Defendants' use of the Alexandria Trademarks as described herein is likely to cause confusion or mistake in the marketplace, deceive investors, customers, the public, and/or the relevant market, and therefore infringes upon Plaintiff's valuable rights in the Alexandria Trademarks.

42.     Defendants' actions are willful, deceptive, and reflect an intent to confuse investors, customers, the public, and/or the relevant market, and profit from the goodwill and consumer recognition associated with Plaintiff and the Alexandria Trademarks.

43.     The actions of Defendants described above constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

44.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by

1    the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

2    Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and

3    reputation and the diminution of the goodwill of the Alexandria Trademarks are difficult to

4    ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §

5    1116.

6        45.    Defendants' infringement of Plaintiff's Alexandria Trademarks is deliberate,

7    willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of

8    Plaintiff's trademarks.  Defendants' infringement is thus an "exceptional case" within the meaning

9    of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Plaintiff is therefore entitled to recover

10   three times the amount of its actual damages, an amount to be determined at trial, any profits made

11   by Defendants in connection with its infringing activities, and the attorneys' fees and costs incurred

12   in this action, as well as prejudgment interest.

13                              **FIRST CAUSE OF ACTION**

14              **FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

15       46.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 45

16   of this Complaint as if fully set forth here.

17       47.    Plaintiff owns the Alexandria Trademarks, all of which are valid and subsisting

18   and protected by federal registration, and owns common law rights in the Alexandria Trademarks

19   based on its use of these marks over many years in U.S. commerce.

20       48.    Without Plaintiff's consent, Defendants have used the Alexandria Trademarks in

21   commerce to promote, advertise, offer, and/or solicit investments in Defendants, Defendants'

22   services, and/or Defendants' business.

23       49.    Defendants' actions as described herein have caused and are likely to cause

24   confusion, mistake, and deception as to the affiliation, connection, or association of Defendants

25   with Plaintiff, as to the true source of Defendants' services, and as to the sponsorship or approval

26   of Defendants or Defendants' services by Plaintiff.

27   //

28   //

50.     Defendants are not affiliated or associated with Plaintiff or Plaintiff's services, and Plaintiff does not approve, endorse, nor sponsor Defendants or Defendants' business or services.

51.     Defendants' actions are willful and reflect an intent to confuse investors, customers, the public, and/or the relevant market, and profit from the reputation, goodwill and consumer recognition associated with Plaintiff and the Alexandria Trademarks.

52.     Defendants intentionally used the Alexandria Trademarks in commerce in connection with the promotion, sale and offering for sale of Defendants' services, knowing that Plaintiff was not the source of such services and that such use was likely to cause confusion, or to cause mistake, or to deceive investors, customers, the public, and/or the relevant market.

53.     The actions of Defendants as described above constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

54.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and reputation and the diminution of the goodwill of the Alexandria Trademarks are difficult to ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

55.     Plaintiff is entitled to damages in an amount to be determined at trial and to any profits made by Defendants in connection with their infringing activities.

56.     Defendants' infringement of the registered Alexandria Trademarks is deliberate, willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of Plaintiff's trademark.  Defendants' infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

//

//

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### UNDER 15 U.S.C. § 1125

57.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 56 of this Complaint as if fully set forth here.

58.     Plaintiff owns the Alexandria Trademarks, all of which are valid and subsisting and protected by federal registration, and owns common law rights in the Alexandria Trademarks based on its use of these marks over many years in U.S. commerce.

59.     Without Plaintiff's consent, Defendants have used and are continuing to use in commerce the Alexandria Trademarks in order to promote, market, sell, and/or offer to sell directly competing services.

60.     Defendants' unauthorized uses of the Alexandria Trademarks in conjunction with its misrepresentations of material facts regarding its origins is an attempt to create the false impression and identity that they are the successor of Plaintiff, when they are not, and is likely to cause confusion, or to cause mistake, or to deceive investors, customers, the public, and/or the relevant market as to Defendants' affiliation, connection, or association with Plaintiff.

61.     Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception among investors, customers, the public, and/or the relevant market as to the affiliation, connection, or association of Defendants with Plaintiff, as to the true source of Defendants' services, and as to the sponsorship or approval of Defendants or Defendants' services by Plaintiff.

62.     Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

63.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's trademarks are difficult to ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

64.     Defendants' unfair competition and false designation of origin are deliberate, willful, fraudulent, and without extenuating circumstances.   Defendants' conduct is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

### FALSE ADVERTISING UNDER 15 U.S.C. §1125(a)

65.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 64 of this Complaint as if fully set forth here.

66.     Defendants have advertised, marketed and promoted its directly competing laboratory facility business model and related services to prospective investors, customers, and/or the relevant market under false pretenses by stating, implying, misrepresenting, or suggesting that Defendants are endorsed by, sponsored by, or otherwise affiliated with Plaintiff, when in fact they are not, and by mischaracterizing the nature of their services, both directly and indirectly, through repeated and unauthorized references to Alexandria's proprietary business model and services.  As alleged herein, and among other identified misrepresentations, Defendants are making false and misleading statements that RUNLABS is the "world's first and only flexible urban lab platform," which it is not, and that RUNLABS was "sprung from Alexandria," which it was not.  Defendants' communications, statements, and promotional materials further deceive and are likely to deceive by falsely suggesting that Alexandria is participating with RUNLABS in its fundraising effort, in order to persuade investors into investing in Defendants based on the false belief of an association with Alexandria and its well-known market success.

67.     Defendants' communications, statements, and promotional materials will induce and are likely to induce actual or prospective customers to engage Defendants for services that directly compete with those of Alexandria under the false belief that Defendants are associated or affiliated with Alexandria and its well-known market success.

68.     Defendants' communications, statements, and promotional materials misrepresent the nature, characteristics, qualities, and/or availability of Defendants' and Plaintiff's services, and

has deceived, are deceiving, or are likely to continue deceiving substantial segment or segments of Plaintiff's target audiences, including investors, life sciences and technology companies, and the relevant market, to Plaintiff's detriment.

69.     Defendants' false and/or misleading statements in its interstate advertising and promotion efforts regarding Defendants' business, origins, purported endorsement by and/or affiliation with Plaintiff are material and likely to and will influence the decisions of its recipients, including investors, life sciences and technology companies, and the relevant market.

70.     Defendants' false and/or misleading statements constitute false advertising in violation of federal law, including Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting, and recovery of the costs of this action.  Furthermore, Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover three times the amount of its actual damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

71.     As a direct result of Defendants' false and misleading descriptions of fact, false or misleading representations, and false and/or deceptive advertising and unfair competition, Plaintiff has suffered irreparable damage and injury to its business and reputation, loss and diminution of the goodwill associated with the Alexandria Trademarks, and the costs to Plaintiff to correct and respond to Defendants' false advertising.

72.     Unless Plaintiff is enjoined by this Court from continuing to make false, misleading, and deceptive representations of fact in its communications, solicitations, and promotional materials, investors, the general consuming public, the life sciences and technology community, and the relevant market will continue to be deceived, misled, and confused, and Plaintiff will suffer a loss of consumer and investor confidence, sales, revenue, and goodwill, to the irreparable injury of Plaintiff.

73.     Plaintiff has no adequate remedy at law in that the amount of harm, loss, and injury to Plaintiff's business and reputation and the diminution of the goodwill of the Alexandria Trademarks are difficult to ascertain with specificity.  Plaintiff is therefore entitled to injunctive

1  relief pursuant to 15 U.S.C. § 1116.

2  ## FOURTH CAUSE OF ACTION

3  ## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

4  74.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 73

5  of this Complaint as if fully set forth here.

6  75.    By the acts described herein, Defendants have engaged in unlawful and unfair

7  business practices that have injured and will continue to injure Plaintiff's business, reputation, and

8  property including, but not limited to, the Alexandria Trademarks, and the goodwill embodied in

9  the Alexandria Trademarks, in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

10  76.    Defendants' acts alleged herein have caused monetary damages to Plaintiff in an

11  amount to be proven at trial.

12  77.    Defendants' acts have caused, and will continue to cause, irreparable injury to

13  Plaintiff and its business, reputation, and property including, but not limited to, the Alexandria

14  Trademarks, and the goodwill embodied in the Alexandria Trademarks, unless and until Defendants

15  are permanently enjoined.

16  78.    As a direct and proximate result of Defendants' conduct alleged herein,

17  Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned

18  as a result of such unlawful conduct.

19  ## PRAYER FOR RELIEF

20  WHEREFORE, Plaintiff requests the following relief:

21  A.    That Plaintiff be granted preliminary and permanent injunctive relief under 15

22  U.S.C. § 1051 *et seq.* and California Business and Professions Code §§ 17200 *et seq*; specifically,

23  that Defendants and all of their respective officers, agents, servants, representatives, employees,

24  attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other

25  persons acting in concert with them be preliminarily and permanently enjoined from (i) directly or

26  indirectly using Joel Marcus' name, the Alexandria Trademarks, or any marks, brand names,

27  product names, or logos that are confusingly similar, to the Alexandria Trademarks or any other

28  marks, brand names, product names, or logos used or otherwise owned by Alexandria, in

connection with the marketing, promotion, advertising, sale, offering, or provision of any services, (ii) from any acts of infringement of the Alexandria Trademarks; and (iii) directly or indirectly using in commerce or causing to be published or otherwise disseminated any promotional or advertising materials containing any false or misleading facts about Plaintiff, Joel Marcus, or Defendants' purported relationship or affiliation with, or sponsorship or endorsement by, Plaintiff, including false or misleading comparisons between, or statements of the availability of, Plaintiff's and Defendants' services;

B.     That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

C.     That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing the Alexandria Trademarks;

D.     That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) for engaging in false advertising in interstate commerce and unfairly competing against Plaintiff by using a false designation of origin in Defendants' promotional materials;

E.     That Defendants be adjudged to have engaged in unlawful unfair competition against Plaintiff in violation of the laws of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

F.     That Defendants be enjoined from engaging in any false or deceptive advertising and/or promotions of any services offered under or in connection with the Alexandria Trademarks;

G.     That Defendants be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, qualities, and/or availability of Defendants' and Plaintiff's services, including without limitation the prompt removal of all false or misleading statements from Defendants' communications, presentations, and any other public-facing materials, including websites and/or social media accounts;

H.     That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

//

I.      That Plaintiff be awarded three times Defendants' profits and three times Plaintiff's damages suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the federal Lanham Act, 15 U.S.C. § 1051, *et seq.*, pursuant to 15 U.S.C. § 1117(a);

J.      That the Court enter judgment finding this to be an exceptional case justifying an award of Plaintiff's reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a);

K.      That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq*;

L.      That Plaintiff be granted prejudgment and post judgment interest;

M.      That Plaintiff be granted costs associated with the prosecution of this action; and

N.      That Plaintiff be granted such further relief as the Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Dated: December 13, 2018                    COOLEY LLP

                                            */s/ Patrick P. Gunn*
                                            PATRICK P. GUNN (172258)
                                            CHANTAL Z. HWANG (275236)
                                            Attorneys for Plaintiff Alexandria Real Estate
                                            Equities, Inc.

192921727